In the **DISCIPLINARY MATTER INVOLVING Michael A. STEPOVICH, Respondent.**

No. S–11967.

Supreme Court of Alaska.

Sept. 15, 2006.

Before: FABE, Chief Justice, and MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### Order

On consideration of the Stipulation for Discipline by Suspension Under Alaska Bar Rule 22(h), filed on **June 17, 2005,** and the response filed on **June 30, 2006,**

IT IS ORDERED:

1. Michael A. Stepovich is suspended from the practice of law in Alaska, to take effect thirty days from the date of this order, for a period of three years, with one year stayed.

---

16. *Id.*

2. Stepovich is ordered to fulfill the requirements of Alaska Bar Rule 28.

3. Stepovich must comply with Alaska Bar Rule 29(b) to seek reinstatement.

4. Stepovich must also meet the following conditions before filing a petition for reinstatement to the active practice of law:

    (a) He will take and pass the Multi-State Professional Responsibility Exam;

    (b) He will satisfactorily complete two credit hours of a legal ethics CLE;

    (c) He will take a CLE course in the area of client trust accounts and client funds; and

    (d) He will hire an independent auditor or accountant acceptable to Bar counsel to oversee his financial and trust accounting practices who will provide to Bar counsel quarterly reports of compliance with approved accounting standards for a minimum of two years.

5. If Stepovich is reinstated, for the next year he will be subject to the stayed suspension as follows: If he engages in the same or similar misconduct, and if the Disciplinary Board or the Court imposes discipline for the new misconduct, the present matter may be remanded directly to the Court for review and imposition of the one-year stayed suspension.

Entered at the direction of the court.

FABE, Chief Justice, dissenting.

FABE, Chief Justice, dissents and files the following statement.

I would reject the proposed discipline as too lenient and impose discipline consistent with the three-year suspensions imposed in *In the Disciplinary Matter of Friedman*[1] and in *In re Mann.*[2] First, Mr. Stepovich's mismanagement of his trust account was longstanding. The supplemental report of Bar counsel to the Board of Discipline concluded that "Stepovich's mismanagement practices began when he assumed sole responsibility for his trust account in January 1996, and continued until he relinquished responsibility for the account in January 2003."

Second, the degree of Mr. Stepovich's mismanagement of his trust account was severe. Bar counsel concluded that Mr. Stepovich failed to maintain sufficient funds in his operating account to cover shortages in his trust account throughout the period from 1996–2003 and determined that Mr. Stepovich not only "fail[ed] to maintain his trust account in conformance with appropriate attorney trust account practices, he failed to exercise even basic accounting control over it." But perhaps most troubling is the Board of Discipline's finding that to the extent that Bar counsel's report "implies that Mr. Stepovich did not misappropriate client funds, the Board cannot agree with such a conclusion." In my view, the Board's view that Mr. Stepovich's conduct constituted misappropriation of client funds cannot be reconciled with the proposed discipline. Moreover, Mr. Stepovich's misappropriation of client funds and his treatment of his trust account as his own personal bank account harmed the client who brought this matter to the attention of the Bar Association. It is undisputed that Mr. Stepovich waited five months to disburse received settlement funds to his client and that when the client finally received and deposited the check, it was returned for non-sufficient funds. Not only did this result in the client being unable to refinance her house, according to Bar counsel, "it wasn't the first non-sufficient fund check written in this six-month period." Given the seriousness of the misconduct in this case, I would impose the same discipline as that imposed on Mr. Friedman and Mr. Mann: a suspension of three years.

**1.** 23 P.3d 620 (Alaska 2001).

**2.** 853 P.2d 1115 (Alaska 1993).