Bar Counsel for the Alaska Bar Association and attorney Kenneth D. Albertsen entered into a stipulation for discipline by consent that would result in Albertsen's two-year-and-one-day suspension from the practice of law in Alaska. The Bar Association's Disciplinary Board approved the stipulation and now recommends that we do so, as well, and so suspend Albertsen. The facts of Albertsen's misconduct are set forth in the stipulation, attached as an appendix.[1] We take these facts as true,[2] and we apply our *1219 independent judgment to the sanction's appropriateness.[3]
Based on the uncontested facts we agree with the legal analysis-set out in the stipulation-that a two-year-and-one-day suspension is an appropriate sanction for Albertsen's misconduct. Accordingly:
Kenneth D. Albertsen is SUSPENDED from the practice of law in Alaska for a period of two years and one day, effective 30 days from the date of this order. Within 60 days of this order Albertsen must pay $1,000 to the Alaska Bar Association for disciplinary expenses incurred in this matter. Reinstatement proceedings would be governed by Alaska Bar Rule 29(c). As a condition of any future reinstatement, Albertsen must: (1) provide a psychological evaluation addressing his ability to practice law; (2) certify that he has completed continuing legal education as specified in the stipulation; and (3) prepare a detailed plan, acceptable to Bar Counsel, for financial management, including an independent monitor, to be followed for two years after reinstatement as outlined in the stipulation.
Appendix
BEFORE THE ALASKA BAR ASSOCIATION
DISCIPLINARY BOARD
STIPULATION FOR DISCIPLINE BY CONSENT PURSUANT TO ALASKA BAR RULE 22(h)
Pursuant to Alaska Bar Rule 22(h), Kenneth D. Albertsen, Respondent, and Louise R. Driscoll, Assistant Bar Counsel, stipulate as follows:
JURISDICTION AND VENUE
1. Albertsen is an attorney at law admitted to practice by the Supreme Court of Alaska, and a member of the Alaska Bar Association.
2. Albertsen is subject to the Alaska Rules of Professional Conduct (ARPC) and to Part II, Rules of Disciplinary Enforcement, Alaska Bar Rules, giving the Alaska Supreme Court and the Disciplinary Board of the Bar jurisdiction to resolve this matter.
BACKGROUND FACTS
3. This stipulation addresses professional misconduct involving mishandling of client monies and neglect during Albertsen's representation of clients. The Bar investigated misconduct allegations in two grievances and conducted an audit of Albertsen's law office accounts during Bar disciplinary proceedings.
S.A. v. Albertsen ABA File No. 2016D096
4. On May 13, 2008, client S.A. hired Albertsen to foreclose on her late father's Alaska properties, including a house and a lodge in rural Alaska that her father had originally owned.
5. S.A. was living in Texas when she asked Albertsen to start the foreclosure proceedings. Albertsen did not tell her the total fee to be charged, but he told her to forward a $2,000 retainer upon hire. The parties never entered a written fee agreement, but Albertsen periodically sent billing statements. Albertsen and S.A. communicated by email and telephone.
6. Although a non-judicial foreclosure had been noticed, the foreclosure sale was continued to allow the parties to negotiate. As a result of the negotiations, approximately $2,900 was recovered from the adverse parties to the non-judicial foreclosure action.
7. Between January 2009 and June 2009, it became clearer to Albertsen, a knowledgeable real estate law practitioner, that a judicial foreclosure action would be required due to the resistance of the adverse parties, as well as an allegation of environmental contamination. Albertsen advised S.A. to proceed with a judicial foreclosure so that she would not wind up back in title to the properties. He also recommended ending the non-judicial foreclosure.
8. Albertsen converted the matter from a non-judicial foreclosure action to a judicial foreclosure action. He did not advise S.A. of additional fees and costs she might incur and *1220 they did not enter a written fee agreement. Albertsen continued to send invoices regarding "non-judicial foreclosure."
9. Albertsen obtained a settlement of the judicial foreclosure action in 2011. The settlement resulted in a confession of judgment without action of $130,000, plus pre-judgment interest at the rate of 8% and post-judgment interest accruing after entry of judgment. Judgment was entered on August 26, 2011, and reflected pre-judgment interest of $11,682, for a total judgment recovered of $141,682.15. S.A. participated by telephone in the settlement conference and authorized the settlement.
10. Following the recovery of the judgment, Albertsen conducted a judgment debtor exam. He notified S.A. by email of the exam on July 2, 2012. S.A. called and left numerous messages for Albertsen following the exam, but he did not respond.
11. Albertsen sent two additional invoices following the filing of the judicial foreclosure complaint, one dated March 10, 2010, and one dated July 3, 2012. After the July 3, 2012 invoice, Albertsen did not communicate with S.A.
12. S.A. attempted to communicate with Albertsen over a period of months as reflected by her email:
An email from S.A. to Albertsen dated August 17, 2013, requesting information on the case;
An email from S.A. to Albertsen dated November 5, 2013, requesting information with no response;
An email from S.A. to Albertsen dated December 18, 2013, requesting Albertsen to inform her about what was happening, with no response;
An email from S.A. to Albertsen's office dated February 24, 2014, requesting somebody to call and let her know what was happening, with no response;
An email from S.A. to Albertsen dated June 9, 2014, requesting that Albertsen call, with no response;
An email from S.A. to Albertsen dated August 4, 2014, requesting that Albertsen please call her, with no response;
An email from S.A. to Albertsen dated December 1, 2014, requesting an update on litigation and judgment execution, and noting that she had not received any money, with no response;
An email from S.A. to an Anchorage attorney dated August 8, 2014, stating that S.A. had called Albertsen to fire him and request all files be turned over to new counsel which did not happen;
An email from S.A. to Albertsen dated March 9, 2015, requesting information on foreclosure regarding the home, a separate foreclosure action. Albertsen responded to this email on March 17, 2015, stating that he would proceed;
An email from S.A. to Albertsen dated July 20, 2015, requesting an update on foreclosure on the home, to which there was no response;
An email from S.A. to Albertsen dated November 10, 2015, stating that she was firing him as of December 1, 2015, and requesting the files;
An email from Albertsen to S.A. dated December 3, 2015, informing her that he was in trial preparation, but he expected to get the files to new counsel by the following Monday.
13. Albertsen did not deliver the file and other property to S.A. or the proposed substitute counsel. After Albertsen ignored several telephone calls from the proposed substitute counsel between November 2015 and December 2015, substitute counsel declined the representation.
14. S.A. contacted another attorney for help. On February 3, 2016, that attorney wrote Albertsen that S.A. wanted him to resolve outstanding real estate matters in Alaska so that she could close an estate in Texas. Her Texas lawyers continued to bill her on estate matters as long as the property matters in Alaska remained open.
15. In conducting a review, S.A.'s new attorney discovered that garnishment proceedings had happened and that the court made its first wage garnishment disbursement on *1221 November 17, 2014. The court continued making wage and Permanent Fund Dividend disbursements through 2014, 2015, and 2016 on a regular schedule.
16. S.A.'s attorney wrote Albertsen that CourtView showed that Albertsen had received $25,349.18 from garnishment of bi-monthly paychecks, but S.A. had not received any proceeds from the garnishment.
17. On March 8, 2016, Albertsen forwarded S.A. a check in the amount of $20,000, along with a note stating he would complete his review of the file and determine the balance when the file was turned over to her new attorney. The court continued to make wage garnishment disbursements to Albertsen.
18. Albertsen did not provide an accounting or a final balance to S.A., but he sent file materials to her new counsel.
19. On June 27, 2016, the Bar received an Attorney Grievance Form filed by S.A. against Albertsen.
20. Bar Counsel forwarded the grievance to Albertsen on June 30, 2016, asking for a voluntary response. Albertsen called the Bar's office to request extensions of time to provide a response on three occasions. He did not file a voluntary response.
21. On August 31, 2016, Bar Counsel opened the grievance for a formal investigation. Albertsen did not provide a mandatory response as required under Alaska Bar Rule 22.
22. On October 7, 2016, Bar Counsel notified Albertsen in writing that the allegations in the matter were deemed admitted.
23. On October 17, 2016, S.A. filed a petition for fee arbitration against Albertsen, alleging she was overcharged the entire amount of $13,325.68 that she had paid Albertsen. She alleged that Albertsen neglected her legal matters for several years, withheld funds received into his trust account on her behalf for years, and continued to withhold funds. Albertsen did not answer the petition.
24. On or about January 24, 2017, Albertsen sent S.A.'s attorney a check in the amount of $19,483.31 in trust for S.A.
25. A disciplinary panel hearing was held on February 27, 2017. Both Albertsen and S.A. participated.
26. On March 30, 2017, the panel issued its decision. The panel denied a full refund of attorney fees because Albertsen successfully obtained a settlement that formed the basis for subsequent payments through judgment execution procedures. The panel ordered Albertsen to forfeit unbilled fees in the amount of $6,539 and to render a full and complete accounting to S.A. of all property or funds remaining in his possession, which he did on April 24, 2017. The panel referred the matter to Bar Counsel for disciplinary action based on violation of the ARPC and the Alaska Bar Rules.
D.S. and D.J. v. Albertsen , ABA File No. 2016D101
27. In February 2016, complainants D.S. and D.J. hired Albertsen to address issues arising from a sale of their home in Alaska to Dr. M.
28. D.S. and D.J. had entered a Buy-Sell Agreement on June 29, 2015, with Dr. M. for the D.S./D.J. property. Under an Agreement for Occupancy/Possession, the sellers allowed Dr. M. to occupy the house prior to closing.
29. Under terms of the Occupancy Agreement, Dr. M. was to give notice and vacate the premises in 15 days if the sale could not be completed. During his occupancy, Dr. M. agreed not to paint the interior of the house with colors that were not compatible for a sale. Dr. M. paid monthly rent during his occupancy. The closing was to occur on or before March 31, 2016.
30. When Dr. M. failed to make a rent payment, D.S. and D.J. contacted Dr. M. and learned that he had moved and no longer planned to buy the house under the original Buy-Sell Agreement.
31. D.S. and D.J. returned to Alaska and observed changes Dr. M. made to the house that were contrary to the Occupancy Agreement and which would require time and money to repair prior to listing the house for sale.
32. D.S. and D.J. retained Albertsen and paid him $250 for services on February 15, *1222 2016. They met with Albertsen in person on February 25, 2016.
33. On February 26, 2016, D.S. mailed Albertsen an SD card with digital photos of the house. Albertsen told D.S. and D.J. that he would write a letter to Dr. M. Albertsen did not write the letter.
34. D.S. left phone messages for Albertsen and texted him requesting an update on the status of the matter. He did not return her messages.
35. On Wednesday, May 4, 2016, D.S. reached Albertsen, who said he would write the letter and D.S. would have a copy of it by the following Friday. D.S. received nothing.
36. D.S. spoke again to Albertsen on Wednesday, May 25, 2016, and Albertsen said he would get it done by that Friday. Again Albertsen did nothing.
37. D.S. asked Albertsen to turn the file over to a colleague or to recommend someone else D.S. could retain. Albertsen did not respond.
38. The Alaska Bar Association received a grievance against Albertsen from D.S. and D.J. on July 1, 2016.
39. Albertsen had until August 4, 2016, to submit a voluntary response to the grievance. He did not send one.
40. On August 31, 2016, Bar Counsel opened the matter for investigation.
41. Alaska Bar Rule 22(a) required Albertsen to file a mandatory response to the allegations in the grievance. He did not file one.
42. On October 7, 2016, Bar Counsel wrote Albertsen that allegations were deemed admitted due to his failure to provide a mandatory response.
43. D.S. continued to call Albertsen's office to request the file be returned to her, including the return of the digital camera card. Nothing happened.
44. On October 13, 2016, Assistant Bar Counsel asked Albertsen to return the file and SD card with digital photos to D.S. and D.J. On October 13, Albertsen mailed a letter, file materials, digital camera card, and refund check in the amount of $250 to D.S. and D.J.
45. In an October 14, 2016, email to Bar Counsel, Albertsen said he would "supplement with my replies on both matters next week." That did not happen.
Other Grounds for Discipline
46. On December 28, 2016, under Alaska Bar Rule 22(e), the Bar filed a petition for formal hearing alleging Albertsen's representation in the above matters violated rules of professional conduct.
47. Albertsen failed to answer the petition. On January 20, 2017, Executive Director Deborah O'Regan, acting as the Clerk of the Disciplinary Board, deemed the charges in the petition admitted for Albertsen's failure to answer as required by Alaska Bar Rule 22(e).
ALLEGATIONS OF MISCONDUCT
Count One
ARPC 1.3 (Diligence)
48. Alaska Rule of Professional Conduct 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."
49. Albertsen violated ARPC 1.3 when he failed to meet the deadlines he provided to clients for advancing their legal work and failed to carry through to conclusion the matters undertaken for S.A., D.S. and D.J.
Count Two
ARPC 1.4 (Communication)
50. Alaska Rule of Professional Conduct 1.4(a) requires a lawyer to "keep a client reasonably informed about the status of a matter undertaken on the client's behalf and promptly comply with reasonable requests for information."
51. Albertsen violated ARPC 1.4(a) by not returning phone calls or answering client inquiries about the status of their matters.
*1223 Count Three
ARPC 1.5 (Fees)
52. Alaska Rule of Professional Conduct 1.5(b) requires a fee exceeding $1,000 to be communicated to the client in a written fee agreement before or within a reasonable time after beginning the representation.
53. Albertsen violated ARPC 1.5(b) by not entering into a written fee agreement with S.A. which explained the basis for his fee and described the scope of representation, as well as notifying his client of costs and fees the client might be liable to bear.
Count Four
ARPC 1.15 (Safekeeping Property)
54. Alaska Rule of Professional Conduct 1.15(d) states:
Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and upon request by the client or third person, shall promptly render a full accounting regarding the funds or property.
55. Albertsen violated ARPC 1.15(d) by failing to turn over garnishment disbursements to S.A. after the court began to send Albertsen payments, beginning on November 17, 2014. Albertsen failed to render a full accounting regarding the garnishment funds and other monies he received in trust for S.A.
Count Five
ARPC 1.16(d) (Declining or Terminating Representation)
56. Alaska Rule of Professional Conduct 1.16(d) states:
Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.
57. Albertsen violated ARPC 1.16(d) when he failed to turn over S.A.'s file to her potential new lawyer and caused that lawyer to decline to represent S.A. He violated Rule 1.16(d) when he failed to turn over D.S. and D.J.'s file promptly despite multiple demands that he turn over the materials.
Count Six
Alaska Bar Rule 15(a)(4) (Grounds for Discipline)
58. Under Alaska Bar Rule 15(a)(4) it is grounds for discipline for a lawyer to fail to answer a grievance, fail to answer a formal petition for hearing, fail to furnish information or respond to a request from the Board, Bar Counsel, an Area Division member, or a Hearing Committee.
59. Albertsen violated Alaska Bar Rule 15(a)(4) when he failed to provide his verified full and fair disclosure in writing of all facts and circumstances pertaining to the alleged misconduct as mandated under Alaska Bar Rule 22(a) and when he failed to answer the petition for formal hearing as mandated under Alaska Bar Rule 22(e). He violated Alaska Bar Rule 40(d) by failing to submit an answer timely to the Petition for Fee Arbitration and by failing to timely submit a witness list and exhibits prior to the fee arbitration hearing.
DISCIPLINARY SANCTION ANALYSIS
60. The appropriate sanction for Albertsen's misconduct is determined by reference to the American Bar Association Standards for Imposing Lawyer Sanctions (1986, amended 1992) (ABA Standards). Under ABA Standards § 3.0, the following factors are to be considered in imposing sanctions after a finding of lawyer misconduct:
(a) the duty violated;
*1224 (b) the lawyer's mental state;
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.
61. These factors are addressed in a three-part methodology: (1) determine the first three factors; (2) determine the recommended sanction; and (3) determine the applicability of aggravating or mitigating factors. In re Schuler , 818 P.2d 138, 140 (Alaska 1991).
Part 1: Duty Violated; Lawyer's Mental State; Actual or Potential Injury
A. Duty Violated
62. Violations of ARPC 1.3, 1.4, 1.5, and 1.15 breach duties owed to the client. See ABA Standards § 4.0.
63. Violation of Alaska Bar Rule 15(a)(4) breaches a duty owed to the legal system. See ABA Standards § 6.0.
64. Violation of ARPC 1.16(d) breaches a duty owed to the profession. See ABA Standards § 7.0.
B. Lawyer's Mental State
65. Under the ABA Standards § III Definitions:
"Intent" is the conscious objective or purpose to accomplish a particular result.
"Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result.
"Negligence" is the failure of the lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation.
66. Albertsen knowingly failed to perform services for his clients and knowingly failed to communicate with them in violation of ARPC 1.3, 1.4(a), and 1.5(b).
67. Albertsen knowingly failed to account for and deliver client funds when he retained proceeds of garnishment rather than delivering the funds to his client, S.A., in violation of ARPC 1.15(d).
68. Albertsen knowingly violated ARPC 1.16(d) by failing to return files to his clients despite repeated requests for them.
69. Albertsen knowingly violated Alaska Bar Rule 15(a)(4) when he failed to respond to disciplinary charges. He knowingly violated Alaska Bar Rule 40(d) when he failed to timely answer the petition for fee arbitration and timely comply with the prehearing order.
C. Actual or Potential Injury
70. Albertsen's lack of diligence and failure to communicate caused inconvenience, confusion, stress, and temporary or potentially permanent interference with client legal rights.
71. Albertsen's failure to promptly deliver client funds and to account for funds caused stress, inconvenience, and financial prejudice to S.A. It deprived her access to monies over a substantial period of time. The public suffers injury whenever a lawyer fails to maintain personal integrity by handling trust funds improperly.
72. Albertsen's failure to deliver client files caused inconvenience, delay in obtaining legal remedies, and potential interference with client legal rights.
73. Albertsen's failure to respond to disciplinary charges caused inconvenience to disciplinary authorities and had the potential to cause decreased public confidence and respect toward the legal profession, the disciplinary process, and the legal system.
Part 2: Recommended Sanction under ABA Standards
74. ABA Standards § 4.4 sets out the sanctions for breach of a lawyer's duties to a client to be diligent and to communicate. Section 4.42 provides:
Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or *1225 (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
75. Section 4.42 governs Albertsen's violation of ARPC 1.3, 1.4, and 1.5 because he knew he was not performing the services requested by his clients and he did nothing to remedy the situation.
76. ABA Standards § 4.1 sets out the sanctions for breach of a lawyer's duty to deal correctly with client money and property. Section 4.11 provides:
Disbarment is generally appropriate when:
a lawyer knowingly converts client property and causes injury or potential injury to a client.
Section 4.12 provides:
Suspension is generally appropriate when:
a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.
77. Examination of Albertsen's office trust account and operating account records shows that Albertsen did not intentionally or knowingly misappropriate client funds. But his failure to account to clients and to allocate disbursements from the court to his client promptly indicates suspension is the appropriate sanction for his violation of ARPC 1.15(d).
78. ABA Standards § 7.0 sets out the sanctions for violations of duties owed to the profession, such as the duty to withdraw properly from the representation.
Section 7.2 provides:
Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.
Section 7.3 provides:
Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.
79. Suspension is appropriate due to Albertsen's knowing failure to withdraw from representation and return file materials promptly in violation of ARPC 1.16(d).
80. ABA Standards § 6.2 sets out the sanctions for breach of a lawyer's duty to abide by the rules of the legal process. Section 6.22 provides:
Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.
81. Section 6.22 governs Albertsen's violations of Alaska Bar Rule 15(a)(4), by failing to timely respond to disciplinary charges and participate in fee arbitration proceedings.
Part 3: Aggravating and Mitigating Factors
82. ABA Standards § 9.0 sets out factors that may be considered in aggravation and mitigation.
83. Factors that serve to aggravate under Section 9.22 include:
Multiple offenses (§ 9.22(d) ); (multiple offenses here include: neglect, failure to communicate, failure to account, failure to deliver client funds, failure to return client files, and failure to cooperate with the disciplinary process.)
Substantial experience in the practice of law (§ 9.22(i) ); (Albertsen was admitted to practice in 1992 and has substantial experience in the practice of law, an aggravating factor under ABA Standards.)
84. Factors that may serve to mitigate under Section 9.32 include:
Absence of a prior disciplinary record (§ 9.32(a) )
Personal or emotional problems (§ 9.32(c) )
Remorse (§ 9.32(l ) )
OTHER AUTHORITY
85. Albertsen and Bar Counsel considered other disciplinary cases in Alaska involving trust account issues to assist in recommending an appropriate level of discipline. The following disciplinary cases provided guidance:
*1226 In re Mann , 853 P.2d 1115 (Alaska 1993) (Mann, suffering from depression and an alcohol problem, made a single conversion of one client's money ($2,001) to pay his overdue home mortgage. A few weeks later he turned himself in to police, cooperated with Bar Counsel, and made restitution of the converted funds. He served 60 days in jail and did community service. The Alaska Supreme Court imposed a three-year suspension with Justices Burke and Matthews dissenting, believing disbarment should be the sanction.)
In re Friedman , 23 P.3d 620 (Alaska 2001) (Friedman intentionally disbursed funds knowing that he was doing so prematurely. The use of funds was dishonest and for his selfish motive. The Alaska Supreme Court considered the lack of prior discipline, the absence of loss or injury to his clients, his undisputed dedication to clients and outstanding commitment to pro bono and public service, and significant measures taken to remedy the problems caused by his misconduct and imposed a three-year suspension. Justice Matthews would have imposed a suspension of four years and Justice Bryner would have remanded.)
In re Stepovich , 143 P.3d 963 (Alaska 2006) (Stepovich mismanaged his trust account and had a five-month delay in getting settlement funds to a client. Four justices accepted a stipulation for a three-year suspension with one-year stayed. Justice Fabe would have imposed a three-year suspension with no stay.)
In re Brion , 212 P.3d 748 (Alaska 2009) (Disciplinary Board adopted hearing panel recommendation that Brion be suspended for three years (staying two years of that suspension) along with requirements that Brion participate in CLE classes and, upon return to practice, hire an office manager and find a mentor. Brion appealed, requesting a shorter suspension. The Alaska Supreme Court ordered the recommended suspension and reinstatement conditions as a sanction for violating rules relating to reasonable diligence and promptness; failure to communicate; failure to communicate the basis of his fees and to provide accounts of hours billed; failure to properly care for client property; failure to respond to the Bar Association regarding client grievances; and general failure to account properly for client funds. The Court later disbarred Brion for continuing lack of diligence and failure to safeguard client money. In re Brion , S-13722, Amended Order, 03/24/10.)
In re Rice , 260 P.3d 1020 (Alaska 2011) (Rice knowingly overdrew his trust account and intentionally interfered with the Bar's investigation. He received a four-year suspension.)
86. Unreported discipline cases are one of many factors available for the Disciplinary Board's use in formulating a sanction recommendation. In In re Melvin , ABA File No. 1994D105, the Board privately reprimanded an attorney who was negligently lax in handling client funds and who delayed disbursing settlement funds to a client for almost two years. The bank statements and account ledger showed the client monies remained in the bank account and were not used for another purpose.
STIPULATED DISCIPLINE
87. Subject to approval by the Disciplinary Board of the Bar and by the Alaska Supreme Court, Bar Counsel and Albertsen agree that he should receive the following professional discipline:
(a) Albertsen will be suspended from the practice of law for two years and one day. Suspension will be effective 30 days after entry of the Court's order under Alaska Bar Rule 28(c).
(b) Albertsen will pay $1,000 to the Alaska Bar Association for disciplinary costs and fees incurred in his case within 60 days of entry of the court's order.
(c) Prior to filing a petition to reinstate, Albertsen will provide a psychological evaluation that addresses whether he suffers from any physical or mental disability or impairment that would impede his ability to practice law effectively.
(d) Prior to filing a petition to reinstate, Albertsen will certify to Bar Counsel that he has earned at least nine credit hours of *1227 continuing legal education in the area of ethics, law office management, and management of law office accounts.
(e) If Albertsen reinstates to the practice of law in Alaska, he shall first present a detailed plan acceptable to Bar Counsel and the Disciplinary Board regarding his law practice financial procedures for the handling of client funds. The plan must include the retention of an independent auditor or accountant acceptable to Bar Counsel to oversee Albertsen's financial and trust accounting practices for a minimum of two years after reinstatement. Albertsen shall submit to Bar Counsel a report from the independent monitor on the state of Albertsen's trust account and general law office account every six months for a two-year period. If an audit discloses any problem of compliance with recognized lawyer trust accounting principles, Bar Counsel may take necessary measures, which may include disciplinary investigation, requiring additional trust account training, or extension of the audit requirement.
DATED this 5th day of January, 2018, at Anchorage, Alaska.
ALASKA BAR ASSOCIATION
/s/ Louise R. Driscoll
Louise R. Driscoll
Assistant Bar Counsel
Bar Member No. 8511152
DATED this 4th day of January, 2018, at Anchorage, Alaska.
/s/ Kenneth D. Albertsen
Kenneth D. Albertsen
Respondent
Bar Member No. 9211064
DATED this 5th day of January, 2018, at Anchorage, Alaska.
/s/ John M. Murtagh
John M. Murtagh
Attorney for Respondent
Bar Member No. 7610119
CONSENT OF RESPONDENT
Respondent hereby consents, pursuant to Alaska Bar Rule 22(h), to the discipline stipulated above and states that this consent is freely and voluntarily given and is not the subject of any coercion or duress and that respondent admits to the allegations set forth above.
DATED this 4th day of January, 2018, at Anchorage, Alaska.
/s/ Kenneth D. Albertsen
Kenneth D. Albertsen
Respondent
Bar Member No. 9211064
SUBSCRIBED AND SWORN to before me this 4th day of January, 2018.
/s/ Notary Public in and for Alaska
Notary Public in and for Alaska
My commission expires: 9/2/18

The stipulation has been edited to conform to supreme court technical requirements.

Cf. In re Miles , 339 P.3d 1009, 1018 (Alaska 2014) (stating we independently review entire disciplinary proceeding record while affording great weight to Disciplinary Board's findings of fact).

Id.